Edward BURGESS, Plaintiff–
Appellant,

v.

Charles DUFRAIN; Tom Flynn; Dr. Glenn Champagne; Dr. B. Kim; Pete Guzman; Walter R. Kelly, Defendants–Appellees.

No. 03–0112.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2005.

On submission (Edward Burgess), for Appellant, pro se.

On submission (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Counsel, Martin A. Hotvet, Assistant Solicitor General, Albany, NY), for Appellees.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Edward Burgess, *pro se,* appeals from a March 21, 2003 order of the United States District Court for the Northern District of New York (Kahn, *J.*), dismissing Burgess's 42 U.S.C. § 1983 claim on summary judgment. We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

Burgess alleges that the defendants denied him adequate medical care while Bur-

gess was a prisoner in their custody, in violation of the Eighth Amendment to the United States Constitution. To establish an Eighth Amendment violation for inadequate provision of medical treatment, a prisoner must prove "deliberate indifference" to the inmate's serious medical needs. *Hathaway v. Coughlin,* 37 F.3d 63, 66 (2d Cir.1994). Under this standard, "only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead[s] to liability." *Blyden v. Mancusi,* 186 F.3d 252, 262 (2d Cir.1999). "We review a district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party." *Elec. Inspectors, Inc. v. Vill. of E. Hills,* 320 F.3d 110, 117 (2d Cir.2003). "A district court must grant a motion for summary judgment if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)). Burgess's factual allegations plead, at best, negligence in the treatment of his various medical conditions. As Burgess fails to allege facts that support an inference of deliberate disregard for his pain, Burgess has not alleged an Eighth Amendment violation.

Burgess may or may not have exhausted his administrative remedies, but as the government does not argue exhaustion and this appeal fails on its merits, we need not consider exhaustion.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.